Harold J. Hughes, J.
In this action, plaintiffs seek to permanently enjoin the Department of Correctional Services from conducting time allowance committee meetings without first affording inmates certain alleged procedural due process rights, including a hearing with prior written notice of the incidents, documents and reports to be considered against them at the hearing; an opportunity to inspect and respond to the documents considered by the time allowance committee; an opportunity to call witnesses to testify at the hearing; and a written statement of the evidence relied on and the reasons for the committee’s determination. By this motion, plaintiffs seek a preliminary injunction directing the same relief. Defendant has interposed an answer and objections in point of law seeking dismissal of the complaint on the ground, inter alia, that it fails to state a cause of action.
Although this is not a CPLR article 78 proceeding and objections in point of law are inappropriate, defendant’s objections were served at least three days prior to the return date of the plaintiffs’ motion (CPLR 2215), and these objections make clear the relief defendant requests. For these reasons, the court will consider the objections as bases for a motion to dismiss the complaint pursuant to CPLR 3211.
The plaintiffs are inmates at Great Meadow Correctional Facility and have received less than the maximum available amount of good behavior allowance pursuant to recommendations of the facility’s time allowance committee (see 7 NYCRR 261.1 et seq.). As the result of the committee’s recommendations, the conditional release dates of the plaintiffs have been extended. Plaintiffs allege that they appeared before the *715 committee for a recommendation concerning the amount of good behavior allowance to be credited against their maximum sentence pursuant to section 803 of the Correction Law; that the committee considered as evidence against plaintiffs documents and reports in their records which they were not given an opportunity to inspect, respond to or contradict; that prior to their appearance before the committee, they received no notice of the incidents and reports to be considered by the committee in making its determination; that plaintiffs were not given the opportunity to call witnesses on their behalf; and that plaintiffs were never given a written statement of the evidence relied on and the reasons for the committee’s decisions. Plaintiffs contend that the procedure for determining the amount of good behavior allowance violates their rights to due process guaranteed by the Fourteenth Amendment.
Plaintiffs also allege, upon information and belief, that the time allowance committee’s determinations were made in violation of 7 NYCRR 261.3 [d]. This conclusory allegation, which has been factually controverted by defendant, presents a factual issue which may be resolved in a habeas corpus proceeding or by way of a CPLR article 78 proceeding to review the defendant’s decision (People ex rel. Bright v Warden of New York City Correctional Inst. for Men, 79 Misc 2d 959). The existence of such statutory remedies, which the court deems adequate, forecloses resort to injunctive relief as a means of reviewing the adverse administrative determination (see 7A Weinstein-Korn-Miller, N. Y. Civ. Prac., par 6301.14).
Thus, it appears that the only substantive issue before the court is whether the plaintiffs have been deprived of constitutionally mandated rights.
A preliminary procedural issue is whether the present suit may be maintained as a class action. While the court is of the opinion that it may not be treated as a class action, it need not decide that issue in view of its conclusion that the complaint must be dismissed for failure to state a cause of action (see Matter of Cummings v Regan, 45 AD2d 415, 421).
Plaintiffs’ claim that the present time allowance procedure violates their due process rights is based on Wolff v McDonnell (418 US 539), recently decided by the United States Supreme Court. In that case, the court ruled that a prisoner subject to disciplinary action that might result in the loss of *716 good time must be given: (1) advance written notice of the charges against him; (2) a hearing with the opportunity to speak in his defense, and, if institutional security permits, to call witnesses and present documentary evidence; and (3) a written statement of the evidence relied on and the reasons for the action taken.
In Wolff (supra), the court was dealing with a Nebraska statute which gave the prisoner a right to good time credit which could only be taken away if the prisoner were guilty of serious misconduct. The court stated (p 557), "the State having created the right to good time and itself recognizing that its deprivation is a sanction authorized for major misconduct, the prisoner’s interest has real substance and is sufficiently embraced within the Fourteenth Amendment 'liberty’ to entitle him to those minimum procedures appropriate under the circumstances and required by the Due Process Clause to insure that the state-created right is not arbitrarily abrogated.”
Under New York law, there is no statutory right to good behavior time as the Correction Law (§ 803, subd 4; § 804, subd 3) makes clear. It has been held, and this court agrees, that under New York law: (1) good time allowance must be earned after an inmate has demonstrated satisfactory performance or good behavior; (2) inmates do not have the right to demand or require the allowance authorized by sections 803 and 804 of the Correction Law; and that (3) the Department of Correctional Services has the sole discretion of either granting, denying or withholding good time allowances when said discretion is exercised in accordance with the law (see People ex rel. Bright v Warden of New York City Correctional Inst. for Men, 79 Misc 2d 959, 963-964, supra). Wolff, therefore, is distinguishable and does not compel an adjudication in favor of the plaintiffs. Moreover, it is this court’s opinion that the rationale of JFoZffshould not be extended.
Plaintiffs’ reliance on Wilkinson v Skinner (34 NY2d 53) is also misplaced for that case dealt with due process requirements when an inmate is charged with and punished for serious misconduct.
The plaintiffs herein, like the petitioners in Matter of Cummings v Regan (45 AD2d 415, supra), inmates who had been denied parole release without a statement of reasons for such action, have, at best, "only an expectation or hope that they might not be required to serve the maximum term of *717 their lawful sentences less time for good behaviour. Accordingly, they possess no presently existing interest in liberty or property threatened by further governmental deprivation which could justifiably support a claim for due process protection” (45 AD2d 415, 418, supra).
For the foregoing reasons, this court holds that the plaintiffs’ complaint fails to state a cause of action and is, therefore, dismissed, without costs. Because of this disposition, the court need not pass upon the other issues raised by the defendant. Plaintiffs’ motion for a preliminary injunction is denied.